UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 22-cr-96 (CKK) |
| | : |
| JAY SMITH (aka JUANITO PICHARDO), | : |
| | : |
| Defendant. | : |

## STATEMENT OF FACTS SUPPORTING GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and the Assistant Attorney General for the Civil Rights Division, and the defendant, Jay Smith, also known as Juanito Pichardo, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

1. The Washington Surgi-clinic (Surgi-clinic) is a reproductive health services facility located in Washington, D.C. Surgi-clinic provides patients with reproductive health care, which includes pregnancy termination services. Surgi-clinic provides services on an appointment-only basis. On October 22, 2020, the Surgi-clinic was located on the fourth floor of a building complex in Washington, D.C., and was open for business and appointments.

2. Before the Surgi-clinic was scheduled to open on October 22, 2020, Defendant Jay Smith, who resides in New York, traveled to Washington, D.C. with John Hinshaw to participate in a blockade of the Surgi-clinic. The blockade was planned and organized by individuals local to Washington, D.C., including Lauren Handy and Jonathan Darnel. Several

individuals traveled from out-of-state, including Defendant Smith, to participate in the October 22 Surgi-clinic blockade.

3. In planning the blockade, Lauren Handy scheduled a fake patient appointment for October 22, 2020, at the Surgi-clinic in order to gain access to the Surgi-clinic facility. Defendant Smith met with his co-defendants and other individuals prior to the planned Surgi-clinic blockade, where the group discussed the plan for and execution of the blockade. At this meeting, Handy advised the group of the Surgi-clinic's layout and floor plan so that each blockade participant knew which Surgi-clinic doors to blockade.

4. Defendant Smith, along with his co-defendants and other individuals, arrived at the Surgi-clinic shortly before it was scheduled to open the morning of October 22, 2020. The Surgi-clinic's entrance door was locked when Defendant Smith and his co-defendants arrived on the fourth floor of the Surgi-clinic's building. Several Surgi-clinic patients waited outside of the entrance door at that time.

5. At approximately 9:00 a.m., a Surgi-clinic staff member (Medical Specialist H) unlocked the door to admit the waiting patients. At that time, Defendant Smith, along with his co-defendants, forcefully entered through the Surgi-clinic's entrance. Defendant Smith, who stood at the door when it was unlocked, forcefully pushed the door open as Medical Specialist H attempted to close the door to prevent the defendants from entering.

6. Once Defendant Smith pushed through the door, he held it open as he backed into the Surgi-clinic's waiting room. Medical Specialist H and two other Surgi-clinic staff members (Nurse K and Clinic Administrator B) resisted the defendants' efforts to enter into the facility. Nurse K tried to stop Defendant Smith as he forced his way into the waiting room.

7. As Defendant Smith intentionally pushed back and up against Nurse K, she twisted her ankle. Nurse K suffered bodily injury as a result of Defendant Smith's intentional push. Once Defendant Smith and his co-defendants collectively forced their way into the waiting room, the Surgi-clinic staff escorted patients through an interior door that led to the Surgi-clinic's treatment area.

8. Defendant Smith and his co-defendants created a physical blockade once they entered the Surgi-clinic's waiting room. Defendants Smith, Hinshaw, Bell, and Harlow bound themselves together using chains, ropes and bicycle locks, and they sat against the Surgi-clinic's interior door. Defendant Smith's other co-defendants either blockaded other doors leading into the Surgi-clinic, or they aided the blockaders in creating and maintaining physical obstructions that prevented Surgi-clinic staff and patients from entering or exiting the facility.

9. During the blockade, at least one Surgi-clinic patient (Patient A) was unable to access the treatment area because Defendant Smith and his co-defendants blocked the door. Patient A was forced to climb onto a chair and through a receptionist window in the waiting room in order to access the Surgi-clinic's treatment area, which was where the Surgi-clinic staff remained during the defendants' blockade.

10. Defendant Smith admits that he agreed with his co-defendants to blockade the Surgi-clinic. Defendant Smith participated in the planned blockade, which was organized by Handy and Jonathan Darnel. Defendant Smith admits it was his intention to participate in the blockade to prevent Surgi-clinic patients and providers from exercising their reproductive health care rights. Defendant Smith further agreed to risk arrest by participating in the blockade, which he knew was a crime.

11. On October 22, 2020, it was Defendant Smith's intention to forcefully enter into the Surgi-clinic, knowing he was not permitted there, as Surgi-clinic staff resisted his and his co-defendants efforts to enter. Defendant Smith knew that the Surgi-clinic staff attempted to keep him and his co-defendants from entering into the Surgi-clinic because they were not patients seeking reproductive health care. Defendant Smith intentionally pushed his body into Nurse K - a person whom Defendant Smith knew at that time was a Surgi-clinic staff member - who was trying to keep Defendant Smith out of the waiting room. Defendant Smith further admits that his forceful push caused the Nurse K to suffer bodily injury.

12. Defendant Smith also admits that after he entered into the Surgi-clinic's waiting room, he used his body to create a physical obstruction that interfered with Surgi-clinic staff's ability to provide, and Patient A's ability to obtain, reproductive health services.

13. Defendant Smith admits that he used force and a physical obstruction that injured, intimidated, and interfered with Nurse K because Nurse K was providing reproductive health services. Nurse K suffered bodily injury as a result of Defendant Smith's use of force. Defendant Smith further admits that he used force and a physical obstruction that interfered with Patient A because Patient A sought reproductive health care at the Surgi-clinic.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar #481052

By: /s/ Elizabeth Aloi
Elizabeth Aloi
Assistant United States Attorney
DC Bar Number 1015864 (Aloi
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)

Elizabeth.Aloi@usdoj.gov

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

By: */s/ Sanjay Patel*
Sanjay Patel
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE, 7.121
Washington, D.C. 20530
IL Bar. No. 6272840
(202) 307-6188

## DEFENDANT=S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged.

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 01/05/23

Jay Smith, also known as Juanito Pichardo
Defendant

I have discussed this Statement of Offense with my client, Jay Smith, also known as Juanito Pichardo. I concur with her decision to stipulate to this Statement of Offense.

Date: 1/11/2023

Nicholas Madiou
Counsel to Jay Smith,
also known as Juanito Pichardo