IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 22-cr-00096-CKK |
| | : | |
| **v.** | : | |
| | : | |
| **JONATHAN DARNEL, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION *IN LIMINE* EXCLUDING PORTIONS OF
DEFENDANT BELL'S OPENING STATEMENT**

The United States of America, by and through its counsel of record, respectfully files this motion *in limine* seeking to exclude certain portions of Defendant Joan Bell's proffered Opening Statement.

"The purpose of an opening statement is to provid[e] background on objective facts while avoiding prejudicial references." *United States v. Thomas*, 114 F.3d 228, 247 (D.C. Cir. 1997) (quoting *United States v. Small*, 74 F.3d 1276, 1283 (D.C. Cir. 1996)). The opening statement should not be used "to recite items of highly questionable evidence" or to make statements that cannot be supported by admissible evidence at trial. *United States v. Moore*, 651 F.3d 30, 51 (D.C. Cir. 2011); *see also United States v. Lizon-Barias*, 252 F. App'x 976, 978 (11th Cir. 2007) (explaining that parties "should avoid referring to evidence during opening statements that is even of questionable admissibility").

Applying these principles, the government moves to exclude the statements listed below. As an initial matter, each of these statements would violate the Court's pre-trial order precluding argument that a defendant's prior good acts should lead the jury to acquit.[1]  Further, the statements

---
[1] *See* Doc. 329

1

proffer facts that are irrelevant and otherwise impermissible under Federal Rules of Evidence 404 and 405.

Specifically, the following statement is irrelevant and therefore inadmissible:

- I will tell you the most caring and non-violent group I have ever been part of is the pro-life movement. After over 50 years working with thousands of others to protect human life in this cause, this is the most compassionate, most caring, most non-violent people I have ever been part of verbally and physically. Opening Statement, Para. 5.

Evidence is relevant when it has any tendency to make a fact of consequence more or less probable than it would be without the evidence, and irrelevant evidence is not admissible. *See* Fed. R. Evid. 401, 402. The Superseding Indictment charges that Defendant Bell "did by force and physical obstruction, intentionally injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, Patient A and the employees of the Clinic, because Patient A was obtaining, and the Clinic was providing, reproductive health services." Doc. 113 (charging the Defendants with violating 18 U.S.C § 248(a)(1), (2)). The Superseding Indictment further charges that Defendant Bell conspired with others to "injure, oppress, threaten, and intimidate patients and employees of the Clinic…in the free exercise and enjoyment of…the right to obtain and seek to obtain, and to provide and seek to provide, reproductive health services." Doc. 113 (charging the Defendants with violating 18 U.S.C § 241). Facts of consequence in this case are therefore those demonstrating that Defendant Bell conspired to commit and committed the obstructive acts charged in the Superseding Indictment. Whether or not Defendant Bell believes that what she refers to as the "pro-life movement" is "the most compassionate, most caring, most non-violent people [she has] ever been part of verbally and physically" has no bearing on whether she committed the charged crimes.

Further, the following statements are impermissible under Federal Rules of Evidence 404(b) and Rule 405(a), as they proffer evidence of other acts and specific instances of conduct:

- As a kid growing up on a farm my dad had to deal with me blocking the cattle loading shut to prevent the claves [sic] from going to slaughter. When I got old enough I realized animals had a purpose. They are not people. As long as they are not abused and that they are dealt with humanely it is all right that they fulfill that purpose. Opening Statement, Para. 1.

- I've been deeply involved in fighting injustice against persons since my pre-teens…from the civil rights movement, Citizens Against the Death Penalty, the anti-war movement of the 1960s and 70s, and the pro-life movement (resisting the worst mass murder of all. Opening Statement, Para. 2.

- My means of resistance have always been totally non-violent along with compassion and respect shown toward those with whom I am in opposition. Opening Statement, Para. 3.

- I vehemently opposed the anti-war movement leadership when those around me were verbally disrespecting the police by calling them "pigs" and calling soldiers "baby killers."[2] I opposed and finally departed any group that would not cease or that promoted violence, verbal or otherwise. That stands true to this very day. Opening Statement, Par. 5.

- At a rescue before this one, I had an abortionist say, "I know you love me."[3] Opening Statement, Para. 6.

---

[2] The government notes that, in addition to being impermissible under Rules 402, 404, and 405, this statement necessarily involves hearsay, which is excluded under Federal Rule of Evidence 802.

[3] The government notes that, in addition to being impermissible under Rules 402, 404, and 405, this statement necessarily involves hearsay, which is excluded under Federal Rule of Evidence 802.

In general, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Although "a defendant may offer evidence of the defendant's pertinent trait," the defendant may not offer evidence of "any other…act…in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(2)(A), 404(b)(1). Even if, therefore, Defendant Bell were able to identify a pertinent trait and was offering the statements above as evidence of that trait, the statements would constitute evidence of other acts which should be excluded under Rule 404(b).

Evidence of specific instances of a person's conduct is further barred by Federal Rule of Evidence 405(b) unless a person's character or character trait is an essential element of a charge, claim, or defense – circumstances which are not present here. *See United States v. Sutton*, 636 F. Supp. 3d 179, 209 (D.D.C. 2022) ("Rule 405(b) only applies to cases in which the parties have made character an ultimate issue, including when character or a character trait is an operative fact which under the substantive law determines the legal rights of the parties." (internal quotations omitted)). Specifically, this Court has recognized that "character traits of peacefulness or nonviolence are not elements" of any charge or defense when "the government does not need to show that [the defendant] has any particular *character* of aggressiveness or violence in order to prevail." *United States v. Carpenter*, 2023 WL 1860978 (D.D.C. Feb. 9, 2023) (applying Rule 405(b) (emphasis added)). As explained above, the government need show only that Defendant Bell conspired to commit and committed the obstructive actions charged in the Superseding Indictment. The government need not show that Defendant Bell's character is one of aggressiveness or violence in order to show that her conduct on the date of the incident violated the relevant statute. Defendant Bell may therefore not proffer the evidence of specific instances

4

of conduct identified in the Opening Statement, and she may not reference such evidence in her Opening Statement.

The government notes that the following statements may be admissible only to the extent that Defendant Bell testifies regarding her own standards and her own conduct on the day of the incident. Further, to the extent the assertions are made during the Opening Statement, they should be made with the preface that the evidence – presumably, Defendant Bell's own testimony – will show them to be true:

- Gandhi and the Rev. Dr. Martin Luther King, Jr. have been my spiritual mentors. Jesus Christ is the ultimate standard: lay down your life for others. Opening Statement, Para. 4.

- Yes, I have blocked the killing of babies, but never verbally accosted an abortionist or anyone else, especially a pregnant mother.[4] Opening Statement, Para. 5.

- Please understand we have an absolute standard that cannot be violated whether you are sidewalk counseling or at a prolife march or rally or doing a rescue inside or outside a building, YOU MAY NOT TOUCH ANYONE! If you are assaulted you can only lay down to protect yourself. To protect someone else you cannot touch the attacker…you are only allowed to block the attack of others by putting your own body between the assailant and the victim. If the victim is on the ground, you can place your body over the other to take the blows for him or her. This is an absolute standard. Nothing else is tolerated. Opening Statement, Para. 7.

---

[4] The government notes, however, the phrase "killing of babies" violates the Court's pretrial order prohibiting any statement that unlawful medical procedures were, or are, conducted at the clinic, and both the phrase "killing of babies" and the term "abortionist" violate the Court's pretrial order prohibiting inflammatory language. *See* Doc. 329.

5

**Conclusion**

For the foregoing reasons, the Government requests that the Court prohibit Defendant Bell from offering the statements identified above during her Opening Statement or as evidence during trial.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ Rebecca G. Ross*
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Email: Rebecca.Ross2@usdoj.gov

## **CERTIFICATE OF SERVICE**

     REBECCA G. ROSS, attorney for the United States, hereby certifies that a true and correct copy of the motion has been electronically filed and accordingly served upon attorney for the defendant.

                                                               */s/ Rebecca G. Ross*
                                                                Rebecca G. Ross