**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN HANDY,<br>　　　　　Defendants. | Criminal Action No. 22-096 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(October 30, 2023)

On October 22, 2020, a group of pro-life activists forced entry into a reproductive health clinic in the District of Columbia in order to halt, for as long as possible, abortions scheduled for that day. For their actions, the Government charged ten of these activists with, among other things, conspiracy against civil rights, in violation 18 U.S.C. § 241, and obstructing access to reproductive health services, in violation of 18 U.S.C. § 248 (the "FACE Act").[1] Over the course of two trials, two juries of impartial Washingtonians have since convicted eight of the charged defendants on both counts. One Defendant, Jay Smith, pleaded guilty to a felony information, and a bench trial as to the tenth and final Defendant, Paula Harlow, concluded on October 28, 2023. Defendants have since moved for reconsideration of the Court's pretrial memorandum opinion and order denying Defendants' motion to dismiss for selective prosecution.[2] Relying on the D.C. Circuit's recent opinion in *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122 (2023), Defendants argue that the Government has singled out Defendants for prosecution in discriminatory violation of the Free Speech Clause. Because Defendants cannot identify a

---

[1] Defendants are: Lauren Handy, Jonathan Darnel, Jay Smith, Paula "Paulette" Harlow, John Hinshaw, Heather Idoni, William Goodman, Joan Bell, and Herb Geraghty.
[2] More precisely, Defendant Geraghty has moved for reconsideration, and Defendant Darnel has joined that motion, ECF No. 382. The Court nevertheless considers the present motion as if it were joined by all Defendants.

1

similarly situated group of putative defendants whom the Government has not prosecuted after voicing a differing political opinion, the Court **DENIES** Defendants' [370] Motion to Reconsider Defendants' Motion to Dismiss Based on Selective Prosecution ("Motion" or "Mot.").

## I. BACKGROUND

According to the allegations in the operative indictment, all ten Defendants successfully schemed to disrupt access to a reproductive health clinic in the District of Columbia on October 22, 2020. ECF No. 113 at 5. Defendant Handy orchestrated this conspiracy, directing her co-Defendants to undertake various preparations to blockade the clinic. *Id.* For example, Defendants Smith, Marshall, Hinshaw, Bell, and allegedly Harlow used chain and rope to block the clinic's doors. *Id.* at 6. For her part, Defendant Handy made an appointment at the clinic under a false name in order to ensure her entry and her co-conspirators' entry shortly thereafter. *See id.* at 4. Defendant Smith's entry was particularly violent, causing a nurse to stumble backwards and injure her ankle. *Id.* at 5. Defendant Handy then purportedly directed others to blockade the clinic's doors, keeping potential patients out. *See id.* at 5-6. Meanwhile, Defendant Darnel live-streamed the incursion, telling listeners that he and co-conspirators had "intervene[d] physically with their bodies to prevent women from entering the clinic[.]" *Id.* at 6. Based on the foregoing, the Government charged each defendant with: (1) conspiracy against rights, in violation 18 U.S.C. § 241, and (2) obstructing, with violence or force, access to a reproductive health clinic, in violation of 18 U.S.C. §§ 248(a)(1), (b)(1).

In advance of trial, Defendants[3] moved to dismiss the indictment based upon, among other grounds, selective prosecution. *United States v. Harlow*, 2023 WL 4706123, at *2 (D.D.C. July 24, 2023). That motion "ma[d]e [no] effort to identify a similarly situated group compared to

---

[3] More precisely, Defendant Idoni filed the relevant motion, joined by Defendants Harlow, Goodman, and Geraghty.

2

which [Defendants] were treated differently." *Id.* Rather, Defendants speculated that the indictment was returned "for an improper motive, as retaliation for the Supreme Court's overruling of *Roe v[.] Wade* and *Planned Parenthood v[.] Casey* in the *Dobbs* case." *Id.* Because a criminal defendant must identify some similarly situated group in a selective-prosecution challenge, and may not rely on mere speculation, the Court denied that motion. *Id.*

Defendants have returned for round two, this time offering comparators. Mot. at 4 n.2, 6. First, Defendants point to a group of pro-choice activists that allegedly spray-painted a pregnancy resource center in Michigan. *Id.* at 4 n.2 (citing Mary Margaret Olohan, "'Jane's Revenge' Claims Another Pregnancy Center Victim," *The Dailey Signal* (Mar. 7, 2023) *available at* https://www.dailysignal.com/2023/03/07/pregnancy-center-violently-attacked-following-pro-abortion-protest/ (last accessed October 27, 2023 3:19 PM ET)). This partisan report claims that pro-life activists "broke seven windows" of the pregnancy resource center and tagged the building with messages like "if abortions aren't safe neither r u." *Id.* The Minneapolis Police Department evidently stated that a passing bus driver saw masked individuals, but by the time police arrived, no one was at the scene. *Id.* Second, Defendants reference a bizarre conspiracy theory in which a pregnancy resource center in New York claims that agents of the Federal Bureau of Investigation set the resource center on fire. CompassCare, "CompassCare Releases Description of Perpetrators, Implying FBI Involvement in Crime; Offers $5,000 Reward" (Sept. 29, 2022) *available at* https://www.compasscarecommunity.com/2022/09/compasscare-releases-description-of-perpetrators-implying-fbi-involvement-in-crime-offers-5000-reward/ (last accessed October 27, 2023 3:26 PM ET). This pregnancy resource center further alleges that police were not at the scene at the time of the alleged arson, and that the two alleged perpetrators fled in a car with stolen license plates. *Id*.

## II. DISCUSSION

A selective-prosecution challenge to an indictment is particularly difficult to mount, because "prosecutorial discretion" in deciding whether to bring charges and, if so, which charge, "is not generally reviewable by the courts." *Frederick Douglass Found.*, 82 F.4th at 1136. That said, "[t]he [E]xecutive cannot selectively enforce the law in a way that violates the Constitution." *Id.* For example, a prosecutor may not forgo the prosecution of one person, and nevertheless seek charges as to another, simply because of the content of the former's speech. *Id.* To succeed on such a claim, a defendant must demonstrate that "he was singled out for enforcement from among others *similarly situated*." *Id.* at 1137 (internal quotation marks omitted) (emphasis added).

Individuals are similarly situated "when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *Id.* Although this inquiry is particularly "fact-intensive and case-specific," certain factors are illustrative: "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). Key, however, is that the comparator "engaged in the same type of conduct." *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000).

Defendant's proposed comparators are too distinct from the charged conduct to make out a selective-prosecution claim. For instance, "[p]olice officers were present and witnessed" the charged conduct here, whereas police were not present during the commission of the comparators' alleged crimes. *See Frederick Douglass Found.*, at 1138. More generally, there is "strong[er] evidence" against Defendants than the alleged comparators. *See id.* The alleged perpetrators in

4

Minnesota are not yet arrested, were masked and evidently were not captured on camera, unlike Defendants here, who filmed themselves during the commission of the charged conduct. Although the New York resource center claims that the alleged perpetrators were captured on film, they evidently were not identified and fled in a car with stolen plates, and they also have not yet been arrested. Moreover, the resource center's allegation that federal law enforcement was somehow involved is necessarily far less credible than the Government's allegations here. *See also United States v. Gallagher*, --- F. Supp. 3d ---, 2023 WL 4317264, at *8 (M.D. Tenn. July 3, 2023) (in criminal case charging similar conduct as here, rejecting selective-prosecution argument relying on similar comparators); *United States v. Houck*, Crim. A. No. 22-323, 2023 WL 144117, at *3 (E.D. Pa. Jan. 10, 2023) (in FACE Act prosecution, rejecting selective-prosecution argument predicated upon general reference to "violence against pro-life pregnancy resource centers and churches nationwide"). As such, Defendants' selective-prosecution claim fails.

Therefore, and for the foregoing reasons, it is hereby

**ORDERED**, Defendants' [370] Motion to Reconsider Defendants' Motion to Dismiss Based on Selective Prosecution is **DENIED**.

**SO ORDERED**.

Dated: October 30, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge