UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| PAULA "PAULETTE" HARLOW, *et al.* | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT HARLOW'S
SUPPLEMENTAL MOTION FOR JUDGMENT OF ACQUITTAL**

On October 14, 2022, the grand jury returned a two-count superseding indictment, charging defendant Paula "Paulette" Harlow and nine others with violating 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 248(a)(1) (clinic access obstruction). These charges stemmed from the defendants' scheme to obstruct access to a women's reproductive health clinic located in the District of Columbia, and their blockade of that facility on October 22, 2020.

After a jury trial, on August 29, 2023, defendants Lauren Handy, John Hinshaw, William Goodman, and Herb Geraghty (collectively, "Trial One Defendants") were each found guilty of both counts. The jury further found that the Trial One Defendants each had committed clinic access obstruction by both force and physical obstruction. This Court set a briefing schedule for post-trial motions and on September 29, 2023, defendants Handy, Hinshaw, Geraghty, and Goodman filed a consolidated motion for judgement of acquittal. ECF # 455 ("Handy Mot."). Defendants Hinshaw, Geraghty, and Goodman also filed supplemental motions, ECF #s 454, 452, and 456, respectively. And Defendant Idoni filed a separate motion. ECF # 415 ("Idoni Mot."). On October 13, 2023, the Government filed its opposition to those motions, detailing the

1

overwhelming evidence presented at trial. *See* ECF # 459. The government incorporates the arguments made in that filing, ECF # 459, herein.

After a jury trial, on September 15, 2023, defendants Jean Marshall, Joan Bell, and Jonathan Darnel (collectively, "Trial Two Defendants") were also each found guilty of both counts. The jury further found that the Trial Two Defendants each had committed clinic access obstruction by both force and physical obstruction. This Court subsequently set a briefing scheduling for post-trial motions, ordering the Trial Two Defendants to file any motions for judgment of acquittal by October 30, 2023. *Id*. at 63. On October 30, 2023, neither defendant Bell nor defendant Darnel filed any post-trial motions, thus waiving any additional arguments. *See Loumiet v. United States*, 65 F.Supp.3d 19, 25 (D.D.C. 2014) (finding that arguments not raised in original motion are waived).  Rather than filing a post-trial motion, Defendant Marshall filed a notice, seeking to join the arguments made for a judgement of acquittal by the Trial One Defendants. ECF # 469. On November 8, 2023, the government filed its opposition, reiterating its position that any motion for judgment of acquittal should be denied and incorporating the opposition it filed in response to the Trial One Defendants. *See* ECF # XX.

On October 23, 2023, the bench trial ("Trial Three") against Defendant Harlow began in front of this Court. At the close of the government's case, Defendant Harlow orally moved for a judgment of acquittal. The government opposed that motion and made oral arguments in opposition at that time. The government incorporates those arguments herein.

At the end of Trial Three, this Court ordered Defendant Harlow to file any post-trial motions by October 6, 2023, so that this Court could respond to post-trial motions and issue its verdict. On October 6, 2023, Defendant Harlow filed her Motion for Judgment of Acquittal. ECF # 471. For reasons previously briefed, *see* ECF #s 459, 472, and stated on the record at the close

of the government's case in Trial Three, the evidence against Defendant Harlow is far more than sufficient to sustain the jury's verdicts. Defendant Harlow's role in the charged conspiracy and in the blockade of the Washington Surgi-clinic was clearly recorded and presented on surveillance video, s*ee e.g.*, GXs 1001, 1008, 1079A, 1079B, on body worn camera, *see e.g.*, GX 1016, and documented on social media, *see e.g.*, GX 1017, 3001-05. As such, Defendant Harlow's motion for judgment of acquittal should be denied. *See United States v. Davis*, 562 F.2d 681, 684-93 (D.C. Cir. 1977) (finding where elements of offense are supported by evidence introduced in government's case-in-chief, defendant's motion for judgment of acquittal fails).

      Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ Rebecca G. Ross*
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Government's Opposition has been filed and served upon all parties listed on the Electronic Case Filing (ECF) System and is available for viewing and downloading from the ECF system.

DATE: November 08, 2023.

                                               */s/ Rebecca G. Ross*
                                               REBECCA G. ROSS
                                               Assistant United States Attorney