**COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Docket No.: 0090 1:22CR00096-001** |
| | : | |
| **vs.** | : | **Disclosure Date: March 11, 2024** |
| | : | |
| **Handy, Lauren** | : | |

### PARTIES OBLIGATION AND RESPONSE TO PRESENTENCE REPORT

Pursuant to Fed. Rules of Crim. Proc. Rule 32(f)(1) and (2), the parties shall submit any material inaccuracies or disputes to the presentence investigation report (PSR), by March 25, 2024. This form and/or objections to the PSR shall be filed via CM/ECF.

Note: The probation office never includes information about 18 USC § 3553(e) or USSG § 5K1.1, pursuant to Rule 32(d)(3).

### For the Government

(CHECK APPROPRIATE BOX)

      ( )    There are no material/factual inaccuracies therein.

      ( )    There are material/factual inaccuracies in the PSR.

### For the Defendant

(CHECK APPROPRIATE BOX)

      ( )    There are no material/factual inaccuracies therein.

      (✕)    There are material/factual inaccuracies in the PSR.

### Restrictions on Use and Redisclosure of Presentence Report

The presentence investigation report and this form are not public documents.

It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

# BOYLE & JASARI

1050 Connecticut Ave, N.W., Suite 500
Washington, D.C., 20036

Main Telephone (202) 798-7600
boylejasari.com

Dennis E. Boyle
Partner
Direct Line (202) 430-1900
DBoyle@boylejasari.com

March 25, 2024

**VIA CM/ECF**

Sherry Baker
Senior United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Suite 2214
Washington, DC 20001-1300
sherry_baker@dcp.uscourts.gov

Re:    *USA v. Lauren Handy*, 1:22-CR-00096-001

Dear Ms. Baker:

Defendant Lauren Handy ("Ms. Handy"), by and through undersigned counsel, submits her objections to the Presentence Report filed on March 11, 2024.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 22, 2020, Ms. Handy visited the Washington Surgi-Clinic to attend a so-called "rescue"—a protest against abortion by staging a peaceful, nonviolent sit-in at an abortion clinic. Ms. Handy attended this rescue alongside her co-defendants who, like her, are pro-life activists. On March 24, 2022, a federal grand jury for the United States District Court for the District of Columbia returned a two-count Indictment, charging Ms. Handy and her co-defendants with Conspiracy Against Rights and Freedom of Access to Clinic Entrances Act.

On August 29, 2023, the defendant was found guilty by a jury trial as to both Counts of the Indictment.

## II.    CORRECTIONS TO FACTUAL ALLEGATIONS OF PRESENTENCE REPORT

Ms. Handy respectfully requests that the following factual corrections be made to the presentence report:

- Generally, any mention of a "blockade" should be changed to "rescue". "Blockade" is neither a legal term nor an element of an offense that was proven at trial.
- Para. 31: "The defendants communicated that the purpose of the planned clinic blockade was to stop the clinic from providing, and patients from obtaining, reproductive health services." Evidence at trial did not show any such communication, therefore this sentence should be removed.
- Para. 32: "At the meeting, defendants Handy and Darnel further discussed the Surgi-Clinic's layout and floor plan so that each blockade participant knew which clinic doors to blockade." Evidence at trial did not show that Ms. Handy or Mr. Darnel discussed the layout or floor plan for the specific purpose that each participant knew which clinic doors to blockade, therefore this sentence should be removed.
- Para. 32: "The group further discussed using locks and chains to block the Surgi-clinic doors". Evidence at trial did not show any such discussion, therefore this sentence should be removed.
- Para. 38: "Defendant Handy directed the blockaders on what to do." Evidence at trial did not show that Ms. Handy directed anyone to do anything, therefore this sentence should be removed.
- Para. 40: "During the blockade, Ashley Jones, a pregnant patient at the clinic, was unable to access the treatment area because defendant Harlow and her co-defendants blocked the clinic's doors." Evidence at trial did not show that Ms. Handy blocked any clinic doors, therefore this sentence should specify that Ms. Handy was not one of these co-defendants mentioned here.
- Para. 41: "Ms. Holler, who was pregnant and experiencing labor pains and in need of immediate medical attention, was forced to lay on the hallway floor outside the clinic because the defendants refused to allow her and her husband to enter." Evidence at trial did not show that Ms. Handy "refused to allow to allow [Ms. Holler] to enter, therefore this sentence should specify that Ms. Handy was not one of the defendants mentioned here.
- Para. 43: "The defendants remained within the clinic's waiting room for several hours, blocking the doors in an effort to interfere with the provision of abortion services." Evidence at trial did not show that Ms. Handy "remained within the clinic's waiting room for several hours, blocking the doors", therefore this sentence should specify that Ms. Handy was not one of the defendants mentioned here.
- Para. 44: "The defendants passively resisted arrest by going limp". Evidence at trial did not show that Ms. Handy "passively resisted arrest by going limp", therefore this sentence should

specify that Ms. Handy was not one of the defendants mentioned
here.

## III.      OBJECTIONS TO CALCULATION OF OFFENSE LEVEL COMPUTATION

### 1.      Application of Victim Related Adjustment Pursuant to U.S.S.G. § 3A1.3.

Ms. Handy objects to paragraph 77 of the Presentence Report because it incorrectly
applies a victim related adjustment "[b]ecause the victim was physically restrained in the course
of the offense".[1]

As reflected in the Role Assessment set forth in paragraphs 55-66, Ms. Handy did not
"physically restrain" anyone. Pursuant to Application Note 1 for U.S.S.G. § 3A1.3 and
Application Note 1(L) for U.S.S.G. § 1B1.1, "physically restrained" means "the forcible restraint
of the victim such as by being tied, bound, or locked up." Ms. Handy had no physical contact
with anyone. She further did not confine anyone in an enclosed space where a person could not
escape, and she did not threaten anybody with injury if they moved.

### 2.      Application of Victim Related Adjustment Pursuant to U.S.S.G. § 3A1.1(b)(1).

Ms. Handy objects to paragraphs 78 and 84 of the Presentence Report because they
incorrectly apply a victim related adjustment because "the victim of the offense [Ms. Holler] was
a vulnerable victim".

Application Note 2 to § 3A1.1 defines a "vulnerable victim" as someone "who is
unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly
susceptible to the criminal conduct." A victim is not unusually vulnerable by virtue of their
pregnancy alone. *See, e.g., United States v. James*, 139 F.3d 709, 714 (9th Cir. 1998) ("The
district court did not classify the [victim] as unusually vulnerable simply because she was
pregnant."). Furthermore, any enhancement of a punishment for victimizing pregnant women
includes the protection of the unborn. Here, however, Ms. Holler visited the Washington Surgi-
Clinic for the specific purpose of terminating her unborn fetus' life, not to protect it.

### 3.      Application of Victim Related Adjustment Pursuant to U.S.S.G. § 3B1.1(a).

Ms. Handy objects to paragraphs 79 and 85 of the Presentence Report because they
incorrectly apply an adjustment for her role in the offense because she was "an organizer or
leader of a criminal activity that involved five or more participants".

Mere "control over a scheme rather than over a *participant* in a scheme," does not
warrant a sentencing adjustment pursuant to section 3B1.1(c). *United States v. Gort-DiDonato,*
109 F.3d 318, 322 (6th Cir. 1997) (emphasis added). Instead "the defendant must have been the
organizer, leader, manager, or supervisor of one or more *participants.*" *Guidelines Manual,* §
3B1.1 application note 2. The evidence presented at trial did not show that Ms. Handy had any

---

[1] The PSR identifies Shampy Holler as the victim. In its response to the PSR, the government
argues that Ashley Jones, who is identified as patient A in the Indictment, is an additional victim.
*See* ECF 505. Just like Ms. Holler, Ms. Jones was not physically restrained by anyone.

control over any participants in the instant offense.  Her activities in organizing the rescue may present control over a scheme, but not that she had control over the participants.

**4.    Application of Obstruction of Justice Pursuant to U.S.S.G. § 3C1.1.**

Ms. Handy objects to paragraphs 80 and 86 of the Presentence Report because they incorrectly apply an adjustment for obstruction of justice because Ms. Handy "testified falsely at trial". Testimony is not automatically deemed untruthful with a guilty verdict. Testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent. There was no willful impediment to obstructing justice by Ms. Handy.

## IV.    OBJECTION TO FACTORS THAT MAY WARRANT DEPARTURE

In paragraph 179 of the Presentence Report, it is claimed that "[i]f the case presents atypical factors, then the Court can depart from the guidelines and impose a sentence outside of the prescribed range."  The sentencing guidelines are merely one factor that must be considered at sentencing.  Other factors that must be considered are those listed in 18 U.S.C. § 3553(a).

## V.    CONCLUSION

For the foregoing reasons, Defendant Lauren Handy respectfully requests that the noted corrections to the factual allegations and the proper adjustments be made with respect to the calculation of the Total Offense Level and that her Total Offense Level be found at 12.  Based upon a Total Offense Level of 12 and a criminal history category of III, the guideline imprisonment range is 15-21 months.

Sincerely,

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March 2024, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to all parties.

/s/ Dennis E. Boyle
Dennis E. Boyle